William E. BEARDSLEY, Plaintiff,

v.

UNITED STATES DEPARTMENT
OF LABOR, Defendant.

Civ. A. No. 92–532.

United States District Court,
W.D. Pennsylvania.

Oct. 27, 1992.

Stanford A. Segal, Gatz, Cohen, Segal and Koerner, P.C., Pittsburgh, PA, for plaintiff.

Albert Schollaert, Asst. U.S. Atty., Pittsburgh, PA, for defendant.

MEMORANDUM

STANDISH, District Judge.

I

This action arises under Section 504(a) of the Labor–Management Reporting and Disclosure Act of 1959, 29 U.S.C. § 504(a) (LMRDA). Plaintiff, William E. Beardsley, seeks a declaratory judgment that his plea of guilty to a charge of possession of cocaine, a Pennsylvania misdemeanor under 35 Pa.S. § 780–113(a)(16) and (b), and his subsequent sentence to one year "probation without verdict" pursuant to the Pennsylvania Controlled Substance, Drug, Device and Cosmetic Act, 35 Pa.S. § 780–117, was not a "conviction of—violation of narcotic laws" within the meaning of 29 U.S.C. § 504 disqualifying him from serving as a business agent of a labor organization. In the alternative, plaintiff requests an exemption from the provision of Section 504 prohibiting him from serving as business agent of Local Union 449 of the AFL–CIO Steamfitters Union (Local 449). For reasons which follow, the court concludes that plaintiff has been "convicted of—violation of narcotic laws", and that his application for exemption from the prohibition of Section 504 is premature and should be denied.

## II

The facts giving rise to plaintiff's claims in the present case are these:

1. On July 4, 1991, plaintiff was arrested and charged with possession of cocaine, a misdemeanor, under Section 35 Pa.S. §§ 780–113(a)(16) and 780–113(b). He pleaded guilty to the charge and, on October 29, 1991, was sentenced to a one-year period of "probation without verdict" under the Pennsylvania Controlled Substance, Drug, Device and Cosmetic Act, 35 Pa.S. § 780–117.

2. At the time of his arrest, plaintiff was serving a three-year term as president of Local 449, to which he had been elected in December, 1989.

3. In January, 1992, plaintiff was appointed as business agent for Local 449. The business agent is a paid position, and the duties involve dispatching workers to contractors, soliciting work for the labor pool, arbitrating and filing grievances and occasionally enforcing contracts. The business agent does not collect union dues or handle finances.

4. On January 29, 1992, John Pegula, District–Director of the Area Office of the Labor Standards of the U.S. Department of Labor, notified plaintiff that, as a result of his guilty plea and sentence, he could not serve in any prohibited capacity in any labor organization pursuant to Section 504.

5. On February 7, 1992, plaintiff resigned his position as business agent of Local 449.

6. Plaintiff seeks to run for the position of business agent in an election to be held in December, 1992.

## III

It is beyond dispute that whether one has been "convicted" within the meaning of a federal statute is a question of federal, not state, law. *Dickerson v. New Banner Institute, Inc.,* 460 U.S. 103, 111, 103 S.Ct. 986, 991, 74 L.Ed.2d 845 (1983). Plaintiff seeks a declaration pursuant to 28 U.S.C. § 2201 that "probation without verdict" under Pennsylvania law is not a "conviction" as contemplated in Section 504 of the LMRDA.

In an analogous case, the Court of Appeals for the Seventh Circuit addressed the issue with respect to a "conviction" under Iowa's deferred-judgment statute. *Harmon v. Teamsters, Chauffeurs & Helpers L. 371,* 832 F.2d 976 (7th Cir.1987). The *Harmon* court first examined the policy behind Section 504, and then noted that, whatever else Iowa's deferred-judgment statute might be, it clearly was "an authoritative *determination* of criminal guilt, though technically not an *adjudication* of guilt." *Id.* at 979. The court then concluded that:

> It would be a potentially serious interference with the administration of section 504 if the decision by the state court to proceed under the deferred-judgment procedure exempted the defendant from the job ban in the statute.

*Id.* at 979.

In the present case, plaintiff pleaded guilty to a violation of narcotics laws. The fact that he has been afforded the benefits of 35 Pa.S. § 780–117, "Probation without Verdict" which provides for dismissal without adjudication of guilt following successful completion of the probationary period does not negate the fact that plaintiff pleaded guilty to committing the crime. *Dickerson,* 460 U.S. at 113–14, 103 S.Ct. at 992–93. In the words of the *Harmon* court, it would be anomalous if plaintiff "could escape the statute merely because a formal judgment of conviction was not entered even though a criminal sanction—probation—was imposed." *Harmon,* 832 F.2d at 978–79.

Here, the court finds that plaintiff's guilty plea followed by the imposition of "probation without verdict" was a conviction within the meaning of 29 U.S.C. § 504. Therefore, plaintiff's request for declaratory relief will be denied.

## IV

In the alternative, plaintiff seeks an exemption from Section 504(a). That section prohibits anyone convicted of a violation of narcotics laws, among other offenses, from serving in a number of capacities, including business agent, of a labor

organization for a period of thirteen years. Under the statute, before granting an exemption to Section 504(a), the court is required to hold a hearing to determine whether a convicted person's service to the union would be contrary to the purposes of the LMRDA. *See* 29 U.S.C. § 504(a).

Pursuant to Section 5J1.1 of the United States Sentencing Commission Guidelines, which applies to instances in which an individual is convicted of a crime referred to in § 504:

> ... Relief shall not be given in aid of rehabilitation, but may be granted only following a clear demonstration by the convicted person that he or she has been rehabilitated since commission of the disqualifying crime and can therefore be trusted not to endanger the organization in the position for which he or she seeks relief from disability.

According to plaintiff's testimony, his arrest for possession of cocaine occurred after he had been drinking with friends for eight hours and had "blacked out". Plaintiff did not dispute the possession, but claimed that he had no memory of coming into possession of the cocaine. Plaintiff testified that his arrest forced him to face his twenty year history of alcoholism and seek treatment.[1] Plaintiff entered Greenbriar Treatment Center, where he completed a one week residential program and a three week out-patient program to address his alcohol dependency. Plaintiff has continued to attend regular meetings of Alcoholics Anonymous, and has remained drug and alcohol-free since his arrest.

Plaintiff testified that he has always performed very well in every position to which he has been elected or appointed in the past, despite his problems with alcohol. He said that abstinence would further help his performance in future offices.

Plaintiff offered the testimony of Larry L. Miranda, his out-patient counselor from July 12 to August 26, 1991 at the Greenbriar Treatment Center. Mr. Miranda testified that, during the time of treatment, plaintiff was motivated and that his prognosis for controlling his alcohol addiction was good.

David Michael Parks testified that he has known plaintiff for 17 or 18 years; that they have been friends, that they worked together on the restoration of a house and that plaintiff had worked on the crew of which Mr. Parks had been the foreman. Mr. Parks testified that, before July, 1991, plaintiff was a capable worker with abilities few could match; but that he had a problem with tardiness and absenteeism related to his drinking. Mr. Parks said that from August 7, 1991 to January, 1992, he and plaintiff had worked together daily and that he noted a difference in plaintiff. According to Mr. Parks, plaintiff was much more "focused" than before, and was never tardy nor absent.

Finally, Leo P. Bigley, business agent for the plumber's union, testified that he is acquainted with plaintiff from their attendance at meetings of Alcoholics Anonymous. He asserted his belief that plaintiff has an impressive attitude and that plaintiff has "turned his life around". Moreover, Mr. Bigley noted that he, too, is an alcoholic; that he has not had a drink in fifteen years and that he has been able to make positive contributions to the union in his capacity as business agent.

Defendant opposes plaintiff's petition for exemption on the grounds that plaintiff has not demonstrated sufficient rehabilitation to justify the exemption and that an exemption would be contrary to the purpose of the LMRDA.

The court agrees with defendant's assertion. The testimony at the hearing established that plaintiff was on probation for an earlier conviction of driving while under the influence of alcohol at the time of his July, 1991 arrest for possession of cocaine. Moreover, plaintiff's "probation without verdict" term does not expire until October 29, 1992.

Notwithstanding plaintiff's recent positive efforts, plaintiff's criminal history, coupled with his admission of a twenty-

---

**1.** Plaintiff contended, and no evidence was presented to dispute the contention, that while he has long had a problem with alcohol, he has never had a problem with drugs.

year battle with alcoholism, raise doubts about the extent of plaintiff's rehabilitation. The evidence offered by plaintiff falls short of the "clear demonstration" required for an exemption under Section 504 that plaintiff is rehabilitated. It is simply too soon to determine whether plaintiff's rehabilitation has been successful to such an extent that he can be trusted in the future not to endanger Local 449 if he were to be elected to the office of business agent.